## Case No. 4,400.

### In re ELLIS.

[1 N. B. R. 555 (Quarto, 154).][1]
District Court, E. D. Missouri. 1868.

## Case No. 4,401.

### The ELLIS.

[Blatchf. Pr. Cas. 248.][1]
District Court, S. D. New York. Oct., 1862.

BETTS, District Judge. The first named vessel, the Ellis, with her armament, was seized February 10, 1862, by the United States steamer Ceres, at the capture of Elizabeth City, in North Carolina, and was, directly thereafter, upon due appraisal, appropriated to the United States, and used in the conduct of the war, being appraised at the sum of $18,000. A libel was filed in this court against the said vessel and armament September 20, 1862, and, to a monition issued thereon, the marshal made return, in October thereafter, "that the vessel and armament had been attached and delivered to the libellants, at the appraised valuation of $18,000." On due proclamation made in court upon that return, no person appearing or intervening in the suit, the district at-

---

[1] [Reprinted by permission.]

[1] [Reported by Samuel Blatchford, Esq.]

torney moved for and obtained a default against all persons having any interest in the property captured, and submitted to the consideration of the court the preparatory proofs taken in the suit, and prayed a decree of condemnation and forfeiture of the said vessel and armament.

The testimony given by Commodore Rowan, who commanded the squadron by which the vessel was captured, proves that she was an armed vessel, mounting one piece of artillery (an eighty-pounder cannon) and a howitzer, and that, at the time of her capture, she was an enemy vessel of war, in the naval service of the enemy, as a gunboat. These facts are conclusive as to her character, and determine her confiscability.

A decree of condemnation and forfeiture of the vessel and her armament is, therefore, ordered.

On the same day, and at the same place, with the capture of the Ellis, a small schooner, owned by the enemy, (whose name is unknown) laden with goods consisting of furniture, was captured by the United States steamer Commodore Perry, and was, on due appraisal at the sum of $2,000, appropriated to the use of the United States, and employed to their use in conducting the war.

The evidence in preparatorio proves that this schooner was rebel property, and was, after capture, sunk, by order of the commander of the United States naval forces there at the time, as an obstruction at the mouth of the Chesapeake and Albemarle canal, as a warlike measure, and for the prevention of the navigation of that canal. Another enemy vessel, loaded with corn, was sunk at the same time and place by the said United States forces, and for the same purposes. These vessels are seized while in possession of the enemy.

The evidence sufficiently identifies the schooner appraised and taken to the use of the United States, and the proceeds of which are proceeded against in this suit, and entitles the libellants to a decree condemning and confiscating the same as lawful prize. There must, accordingly, be a decree for the above amount.

The remaining four vessels referred to, the steamer Albemarle, the steamer Old North State, the schooner Susan Anne Howard, and the sloop Jefferson Davis, were captured as prize on the 14th of March, 1862, by a United States steamer, at the time of the capture of Newbern, North Carolina.

The testimony and proceedings in respect to the above specified vessels are to the same effect as in the case of the unknown schooner, and the libellants are, therefore, entitled to a decree of condemnation and forfeiture of them accordingly.